UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. McCARTHY, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-15-0399 |
| vs. | : | |
| | : | (Judge Caldwell) |
| WARDEN EBBERT, | : | |
| | : | |
| Respondent | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| JOHN J. McCARTHY, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-15-1024 |
| vs. | : | |
| | : | (Judge Caldwell) |
| WARDEN USP LEWISBURG, | : | |
| | : | |
| Respondent | : | |

*M E M O R A N D U M*

I.   *Introduction*

Presently before the court are two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by John McCarthy, a federal prisoner housed at the United States Penitentiary in Lewisburg, Pennsylvania. Both cases allege that the Bureau of Prisons (BOP) has erred by refusing to make his federal sentence concurrent with his state sentence. *See McCarthy v. Ebbert*, Civ. No. 1:15-0399 (M. D. Pa.) (Caldwell, J.) and *McCarthy v. Warden USP Lewisburg*, Civ. No. 1:15-1024 (M.D. Pa.) (Caldwell, J.). As the cases present identical claims, they will be consolidated pursuant to Fed. R. Civ. P. 42(a)

and the consolidated matter will proceed under *McCarthy v. Ebbert*, Civ. No. 1:15-0399, which was the initially filed action.

II.     *Standard of Review*

The consolidation of actions involving "a common question of law or fact" under Federal Rule of Civil Procedure 42(a) is a matter of discretion.  *Borough of Olyphant v. PPL Corp.*, 153 F. App'x 80, 82 (3d Cir. 2005)(nonprecedential) ("A district court has broad discretion when determining whether consolidation is appropriate.") Rule 42 provides:

> (a) Consolidation.  If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2)  consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

III.    *Discussion*

For the background relevant to his current claims, we quote from the Tenth Circuit's opinion:

> In January 1994, Mr. McCarthy was sentenced in federal district court to a term of 235 months; imprisonment for two counts of possession of a firearm.  At that time, the sentencing court was aware that Mr. McCarthy would also soon be sentenced in state court and that the state court was likely to impose its sentence to run concurrently with the federal sentence.  The federal sentencing court, however, did not indicate whether the federal

> sentence would run concurrently with the state sentence. In April 1994, the state court sentenced Mr. McCarthy to 84 months' imprisonment to run concurrently with his federal sentence. Mr. McCarthy completed his state sentence and was transferred to federal custody for the completion of his federal sentence.

*McCarthy*, 168 F. App'x 276, 277 (10th Cir. 2006)(nonprecedential).

In both Petitions before the court, McCarthy alleges that the BOP failed to run his federal sentence concurrent to his state sentence. He filed both claims while housed at USP-Lewisburg; thus the respondent for each action is the same. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S.Ct. 2711, 2717-18, 159 L.Ed.2d 513 (2004). Consequently, since both actions contain common factors of law and fact, this court will order the consolidation of the two petitions pursuant to Fed. R. Civ. P. 42(a) and will proceed with the consolidated matter under McCarthy's initially filed action, Civ. No. 1:15-0399.

An appropriate Order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 20, 2016