UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN J. McCARTHY,                          :
                                                          :
                    Petitioner          :          CIVIL NO. 1:CV-15-0399
           vs.                                        :
                                                          :          (Judge Caldwell)
WARDEN EBBERT,                          :
                                                          :
                    Respondent       :


*M E M O R A N D U M*

I.      *Introduction*

          Presently before the court is John McCarthy's petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  McCarthy is a federal inmate housed at the United

States Penitentiary in Lewisburg, Pennsylvania.  In his Petition, McCarthy alleges that the

(BOP) has erred by refusing to make his federal sentence concurrent to his state

sentence.  McCarthy proceeds in forma pauperis.

          The Petition has been given preliminary consideration pursuant to Rule 4 of

the Rules Governing Section 2254 Cases in the United States District Courts, made

applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.  *See* 28 U.S.C. §

2243; *see also Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  For the

reasons that follow the Petition will be summarily dismissed.

II.    *Standard of Review*

When a prisoner files a successive petition for a writ of habeas corpus, the

abuse-of-the-writ doctrine as set forth in 28 U.S.C. § 2244(a) may bar his claim.  *Furnari v.*

*U.S. Parole Comm'n.*, 531 F.3d 241, 250 (3d Cir. 2008).  United States Code Title 28,

Section 2244(a), provides in relevant part as follows:

> No circuit or district judge shall be required to entertain an
> application for a writ of habeas corpus to inquire into the detention
> of a person pursuant to a judgment of a court of the United States
> if it appears that the legality of such detention has been
> determined by a judge or court of the United States on a prior
> application for writ of habeas corpus, except as provided in
> section 2255.

28 U.S.C. § 2244(a).  Section 2244(a) is applicable to successive petitions brought

pursuant to 28 U.S.C. § 2241.  *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008).  "[A]

court may grant controlling weight to a denial of a prior application for habeas corpus when

three criteria are met: (1) the same ground presented in the successive application was

determined adversely to applicant on the previous application; (2) the previous

determination was made on the merits; and (3) 'the ends of justice' would not be served by

reaching the merits of the subsequent application."  *Furnari*, 531 F.3d at 250 (citing

*Sanders v. United States*, 373 U.S. 1, 9, 373 U.S. 1, 9, 83 S.Ct. 1068, 1074, 10 L.Ed.2d

148 (1963)).

III.    *Discussion*

In his Petition, McCarthy argues that his "federal judgment should be

amended because at sentencing the judge concurred with state and federal sentencing

concurrency (sic) and did not make the federal sentence consecutive to prospective state

concurrent time but the Bureau of Prisons failed to agree." (Doc. 1, ECF p. 6).  McCarthy seeks the court to amend his judgment directing that his federal sentence run concurrent to his state sentence.

This claim falls within the purview of § 2244(a) because McCarthy (1) has previously petitioned for a writ of habeas corpus on this claim, and (2) the legality of the BOP's treatment of his federal sentence as concurrent to his state sentence has been previously determined by the United States Court of Appeals for the Tenth Circuit, and more recently, by the United States Court of Appeals for the Third Circuit.  *See McCarthy v. Warden, USP Leavenworth*, 168 F. App'x 276 (10th Cir. 2006)(nonprecedential); *McCarthy v. Warden, USP Florence,* 403 F. App'x 319 (10th Cir. 2010)(nonprecedential); *McCarthy v. Warden, USP Lewisburg*, 448 F. App'x 287 (3d Cir. 2011)(nonprecedential); *McCarthy v. Warden*, 544 F. App'x 52 (3d Cir. 2013)(nonprecedential); and *McCarthy v. Warden, USP Lewisburg*, ___ F. App'x ___, ___, 2015 WL 6522786, at *2 (3d Cir. 2015) (affirming district court's dismissal of McCarthy's sentencing claim as an abuse of the writ). Accordingly, McCarthy's current Petition is an abuse of the writ as multiple federal courts have rendered final judgments on the merits against him concerning the same issue. McCarthy's Petition challenging the BOP's computation of his federal sentence as consecutive to his state sentence will be dismissed pursuant to 28 U.S.C. § 2244(a).

An appropriate Order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 20, 2016